IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TEWAN WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:15-CV-17-WKW |
| ) | |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Tewan Wilson ("Wilson"), a convicted inmate confined at the Lee County Detention Center, challenges the constitutionality of a conviction imposed upon him by the Circuit Court of Lee County, Alabama. Specifically, Wilson challenges the jury selection process and lack of issuance of a *Miranda*[1] warning at the time he surrendered to police. *Complaint - Doc. No. 1* at 3. He names the State of Alabama, the Lee County Detention Center, and the Circuit Court of Lee County as defendants in this cause of action. Wilson seeks dismissal of his conviction and monetary damages for the alleged violations of his constitutional rights. *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II.  DISCUSSION

### A.  State of Alabama

The law is well-settled that the State of Alabama is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Moreover, "a State is not a 'person' within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989). Any claims lodged against the State of Alabama are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3] Consequently, the claims presented by Wilson against the State of Alabama are subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Lee County Detention Center

A county detention facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the

---

[2]The court granted Wilson leave to proceed *in forma pauperis* in this case. *Order of January 15, 2015 - Doc. No. 3*. Despite Wilson's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

foregoing, the court concludes that the plaintiff's claims against the Lee County Detention Center are due to be dismissed. *Id.*

### C.  Circuit Court of Lee County

A state court is not a person within the meaning of 42 U.S.C. § 1983. *Moity v. La. State Bar Ass'n*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Summary dismissal of the claims against this defendant is therefore appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### D.  *Miranda* Claim

Wilson asserts that when he "turned [himself] in to the Opelika Police Department . . . Officer Mike Rogers accepted [him] but did not read [him his] *Miranda* rights." *Complaint - Doc. No. 1* at 3. This claim provides no basis for relief as "a claim for a *Miranda* violation is not cognizable under § 1983." *Dollar v. Coweta Cnty. Sheriff's Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011) (citing *Jones v. Cannon*, 174 F.3d 1270, 1290-91 (11th Cir. 1999)); *Wright v. Dodd*, 438 F. App'x 805, 807 (11th Cir. 2011) (same).[4]

### E.  Challenges to Conviction

The claims presented by Wilson go to the constitutionality of a criminal conviction imposed upon him by the Circuit Court of Lee County, Alabama. Wilson is currently incarcerated pursuant to the sentence imposed upon him for this conviction. Under well

---

[4] The court notes that the specific assertion set forth by Wilson does not implicate the protections of *Miranda* as *Miranda* does not require the recitation of certain rights and warnings at the time of arrest or placement in custody but only compels such action prior to "custodial interrogation."

settled law, the claims raised by Wilson regarding the validity of his conviction provide no basis for relief in this cause of action. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-89. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646-48. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646-48).

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory

4

judgment or injunctive relief. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Ind. Dep't of Corrs.*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). In *Balisok*, the Supreme Court again emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.[5]

It is clear that Wilson's conviction which forms the basis for his incarceration has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Wilson's use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on his conviction. 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available . . . remedies has no cause of action under § 1983 unless and until the conviction . . . is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, claims seeking relief from the conviction and sentence recently imposed upon Wilson by the Circuit Court of Lee County, Alabama are prohibited from review and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[5]The plaintiff is advised that he must first exhaust any available state court remedies prior to seeking habeas relief from this court. These remedies include direct appeal of the conviction and/or post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the State of Alabama, the Lee County Detention Center and the Circuit Court of Lee County, Alabama be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  To the extent the plaintiff presents claims challenging the constitutionality of his conviction by the Circuit Court of Lee County, Alabama, these claims be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in the instant civil action.

3.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 11, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 28th day of January, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE